# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:05CV275

| | |
|---|---|
| JOE N. ALSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOANNE B. BARNHART, ) | |
| Commissioner, Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's "Motion for Summary Judgment" (Document No. 12) and "Plaintiff's Memorandum in Support of Motion for Summary Judgment" (Document No. 13), both filed January 26, 2007 by Joe N. Alston; and the "Motion for Summary Judgment (Document No. 14) and "Memorandum in Support of the Commissioner's Decision" (Document No. 15), both filed February 20, 2007 by the Commissioner of the Social Security Administration. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Commissioner's decision to deny Plaintiff Social Security disability benefits is supported by substantial evidence. Accordingly, the undersigned will <u>deny</u> Plaintiff's Motion for Summary Judgment, <u>grant</u> the Commissioner's Motion for Summary Judgment, and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

On March 8, 2002, Plaintiff applied for a period of disability, Social Security disability insurance benefits, and Supplemental Security Income, alleging that he became disabled on August 17, 1998 as a result of increasing knee, leg and hip pain preventing him from working. Plaintiff's claim was denied initially and then again on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held July 13, 2004. On July 27, 2004, the ALJ issued an opinion denying Plaintiff's claim.

Subsequently, Plaintiff filed a Request for Review of Hearing Decision and a Motion to Amend his disability application to request a closed period of disability beginning March 5, 2002 and ending May 31, 2004. On May 2, 2005, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

Plaintiff filed this action on June 14, 2005, and the parties' cross-motions for summary judgment are ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" as

being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.") Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time prior to September 30, 2002, the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[1] The ALJ

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
>inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ....

Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

considered the evidence and concluded in his written opinion that Plaintiff suffers from degenerative joint disease of the hips bilaterally, status post two hip replacements and HIV positive status, all of which are "severe" impairments within the regulatory meaning, but that no impairment or combination of impairments meets or medically equals one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; that Plaintiff retains the residual functional capacity to perform "sedentary" work which involves lifting no more than ten pounds at a time and would not require frequent or repetitive bending, balancing or climbing ladders or scaffolds; that Plaintiff is restricted from operating heavy machinery and working in close contact with the public; that Plaintiff was a younger individual at the alleged onset of disability; that Plaintiff has a limited education and no transferable skills from past relevant work; that Plaintiff is not able to return to his past relevant work; but that, based upon his residual functional capacity, Plaintiff could perform work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that Plaintiff was not disabled as defined for Social Security purposes.

Plaintiff contends on appeal that the substantial weight of the evidence does not support the ALJ's finding that he was not disabled. More particularly, Plaintiff alleges the ALJ failed to properly analyze whether his impairment met a listed impairment under Appendix 1, Subpart P, Regulations No. 4. The undersigned concludes, however, that the ALJ's consideration of the objective medical records and the opinions of Plaintiff's treating physicians and the ALJ's assessment of Plaintiff's subjective complaints of pain were proper. The undersigned further concludes that substantial evidence supports the ALJ's findings regarding Plaintiff's impairment, as well as the ultimate conclusion that Plaintiff was not disabled.

The Social Security Regulations require performance of a sequential five-step evaluation pursuant to 20 C.F.R. §§ 404.1520 and 416.920, in order to determine disability. The ALJ concluded that Plaintiff did not meet the criteria concerning the listed impairments in step three of the evaluation. The ALJ evaluated Plaintiff's hip replacements under Listing 1.01(musculoskeletal) and his HIV status under Listing 14.01(immune system). Plaintiff, bearing the burden of proof, failed to produce adequate evidence to demonstrate that his impairment met or was medically equivalent in severity to the set of medical criteria required for those listed impairments.

Plaintiff contends, however, that there was sufficient evidence to support the determination that he suffers from an impairment under Listing 1.03, and therefore that the ALJ erred in not considering his conditions under this listing. However, the Fourth Circuit has stated that the ALJ is only required to identify the relevant listed impairments where there is ample evidence in the record to determine that the claimant's impairments might meet or equal a listed impairment. Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986). The ALJ is not required to discuss any or all listed impairments unless the record establishes a strong showing that the Plaintiff suffers from that specific impairment. See Ketcher v. Apfel, 68 F.Supp.2d 629, 645 (D.Md. 1999).

Impairment Listing 1.03 requires reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively[2] and return to effective ambulation did not occur, or is not expected to occur, within twelve months of onset. 20 C.F.R. Pt. 404, Subpt. P, App.1, § 1.03 (2006). Put simply, Plaintiff is arguing that his two hip replacement surgeries rendered him unable to ambulate effectively, and he therefore met the criteria for Listing 1.03. Thus,

---

[2]Effectively as defined in 1.00B2b

Plaintiff argues, the ALJ erred both in finding that this listing did not apply and in concluding that he was not disabled during the period of time alleged. The undersigned cannot agree.

Although Plaintiff met the reconstructive surgery element of this impairment listing, he has not provided sufficient evidence to support a determination that he suffers from ineffective ambulation. This is a defined term, and applicable law sets a high bar. To prove ineffective ambulation, Plaintiff would have to demonstrate an extreme limitation on his ability to walk. Complete dependence on walkers, two crutches or two canes, for the ability to walk are examples of ineffective ambulation. 20 C.F.R., Pt. 404, Subpt. P., App. 1, § 1.00B(2)(b) (2006). Plaintiff supports his assertion solely with his mother's testimony and the observations of Leiann Cox, a Social Security District Office employee, that were made during an interview. Plaintiff presented no medical or objective evidence that would demonstrate his severe limitations.

On the other hand, contrary to Plaintiff's assertions, medical records – a more objective source of information – do not support Plaintiff's position. Specifically, they support effective ambulation, while demonstrating a successful recovery from both hip replacements. The follow-up notes for both hip replacements conclude that Plaintiff was doing well with no reports of pain. (Record p. 18). One of Plaintiff's treating physicians, Dr. Hill, noted in a follow-up appointment almost a year after the right hip replacement that Plaintiff had a normal gait and range of motion. (Tr. 124-125, 205). Notes from another physician, Dr. Marshall, after Plaintiff's left hip replacement show that he was able to walk with only one cane. (Tr. 97). In short, the objective medical evidence illustrates that Plaintiff's condition was not so severe as to limit his ability to ambulate effectively for twelve months from onset. Plaintiff failed to prove ineffective ambulation and therefore did not meet the burden for establishing that his condition met the requirements for Listing 1.03.

Based on the foregoing, the undersigned concludes that substantial evidence supports both the ALJ's findings that the Plaintiff's impairments did not meet a listed impairment and that Plaintiff is not disabled for Social Security purposes.

## V. ORDER

Accordingly, **IT IS HEREBY ORDERED THAT** the "Motion for Summary Judgment" (Document No. 12), filed January 26, 2007 by Joe N. Alston, is **DENIED**; the "Motion for Summary Judgment (Document No. 14), filed February 20, 2007 by the Commissioner, is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

Signed: June 1, 2007

David C. Keesler
United States Magistrate Judge